IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| FARM CREDIT LEASING SERVICES CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CV 01-J-2742-J |
| vs. ) ) | |
| R.K. LOGGING, INC., and ROBERT O. KIMBRELL, ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Currently pending before the court is the plaintiff's motion for summary judgment (doc. 7) and plaintiff's brief in support of said motion. The court has reviewed the motion and plaintiff's brief.

### I. Factual Background

Plaintiff Farm Credit Leasing Services Corporation (Farm Credit) is a federally chartered corporation established under the Farm Credit Act, 12 U.S.C. § 2001 *et seq*. In October 2000, plaintiff entered into a lease agreement with defendant R.K. Logging Inc. ("R.K.") in which plaintiff would lease certain equipment to R.K. Plaintiff's Motion for Summary Judgment, Exh. A. R.K. selected the equipment, which was subsequently purchased by plaintiff and leased to R.K. *Id.* at Exh. 1, ¶¶ 3-4. Defendant Robert O.



Kimbrell ("Kimbrell"), R.K.'s president, executed an agreement to serve as guarantor of R.K.'s performance of its obligations under the lease. *Id.* at Exh. B.

Since June 2001, R.K. has failed to make the rental payments due under its lease with plaintiff. *Id.* at Exh. 1, ¶ 6. R.K. returned the equipment to plaintiff on September 10, 2001.[1] *Id.* at Exh. 1, ¶ 7. All of the plaintiff's efforts at selling the leased equipment have failed. *Id.* As of August 30, 2002, unpaid rental payments, late charges and expenses due under the lease totaled $408,901.18. *Id.* at Exh. 1, ¶ 8. Late charges continue to accrue at the rate of $171.17 per day. *Id.* at Exh.1, ¶ 9. The contract also provided that the defendants are liable for any attorney's fees incurred in pursuing recovery from the defendants.

Plaintiff subsequently brought an action in this court seeking damages resulting from the defendants' breach.

## II. Analysis

The circumstances of this action are straightforward as plaintiff's evidence is undisputed by defendants. The terms of the lease agreement have clearly been breached by defendant R.K., and defendant Kimbrell is liable to plaintiff pursuant to the guaranty agreement. Thus, plaintiff is entitled to recover for its resulting damages.

Under Alabama law, a breach of contract exists where: (1) a valid contract exists

---

[1] Plaintiff's brief indicates the date to be September 10, 2002, but this is clearly a misprint based upon the chronology of events.

between the parties in action, (2) the plaintiff has performed under the contract, (3) the defendant failed to perform, and (4) the plaintiff suffered damage. *See, e.g., Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So.2d 665, 673 (Ala. 2001). Plaintiff and defendant R.K. entered into a binding lease agreement for which defendant Kimbrell served as guarantor. Plaintiff's Motion for Summary Judgment, Exh. A. The lease had consideration on both sides as the plaintiff was to receive payments in exchange for the defendants' use of the equipment. *Id.* Plaintiff properly performed under this lease by providing to the defendants the particular equipment in question. *Id.* at Exh. 1, at ¶ 4. However, defendants have failed to make the required payments pursuant to the lease agreement. *Id.* at ¶ 6. Thus, defendant R.K. has clearly breached its contract with the plaintiff. As a result of this breach, plaintiff suffered the damages claimed.

Therefore, plaintiff's motion for summary judgment shall be granted by separate order.

### III. Conclusion

Based on the foregoing, plaintiff's motion for summary judgment is **GRANTED**. **DONE** and **ORDERED** this the 25 day of September, 2002.

Inge P. Johnson
U.S. District Judge